# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 31, 2008

Charles R. Fulbruge III
Clerk

No. 07-31008

———————

YOLANDA ANDERSON; GILDA BURBANK; ALLEN HARRIS; DONNA
JOHNIGAN; ODESSIA LEWIS; EMELDA MAY; SYLVIA MOTEN; HILDA
JOHNSON; CYNTHIA BELL; NICOLE BANKS; JUDITH WATSON;
GLORIA WILLIAMS; MARY ANN WRIGHT; CATRICE DOUCET; LINDA
DEGRUY; KIM PAUL, in their own right and as representatives of all
similarly situated displace New Orleans, Louisiana public housing residents,
ALPHONSO JACKSON, SECRETARY, UNITED STATES DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT; HOUSING AUTHORITY OF
NEW ORLEANS

                              Plaintiffs - Appellees

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT; C DONALD BABERS, Board of Commissioners, Housing
Authority of New Orleans; WILLIAM C THORSON, Executive Administrator
Appointing Authority Housing Authority of New Orleans; and each individual
defendant in his official capacity

                              Defendants - Appellants

———————

Appeal from the United States District Court
for the Eastern District of Louisiana

———————

Before WIENER, GARZA, and DeMOSS, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Defendants, the Housing Authority of New Orleans ("HANO") and its

officers and the United States Department of Housing and Urban Development

("HUD") and its officer, appeal the district court's order granting class certification.[1] For the following reasons, we vacate and remand.

I

Following Hurricane Katrina, HANO planned to demolish and redevelop four deteriorated, storm-damaged public housing developments in New Orleans: B.W. Cooper, C.J. Peete, St. Bernard, and Lafitte (collectively known as "the Big Four"). To gain approval for the demolition, HANO had to submit a demolition application to HUD showing that the requirements of 42 U.S.C. § 1437p were met, including resident consultation, environmental reviews, historic landmark reviews, and alternate housing plans. HUD approved HANO's application, finding that all of the statutory requirements were met and that the Big Four were obsolete, dilapidated, and unsuitable for housing purposes. HANO certified that it would provide funds to cover comparable housing for all displaced residents during the demolition and redevelopment process through the disaster assistance voucher program (the "voucher program").

A group of displaced residents of the Big Four (the "Residents") filed this lawsuit prior to HUD's approval of the demolition plan, alleging that HANO and HUD's failure to repair and reopen the Big Four violated the Fair Housing Act (42 U.S.C. § 3608) (the "FHA"), the U.S. Housing Act of 1937 (42 U.S.C. § 1437p), the HANO lease agreements, the Louisiana Civil Code, and the Fifth and Fourteenth Amendments of the U.S. Constitution. The Residents' complaint asserted that HANO and HUD's actions constituted race discrimination against displaced African American tenants. They asked the district court to enjoin the demolition, compel repair and re-occupancy of the units, and award them monetary damages for their alleged economic loss and emotional distress.

The district court dismissed many of the Residents' claims, including those

---

[1] Unless otherwise specified, a reference to HANO or HUD includes the named officials of the respective agencies.

of intentional race discrimination and disparate impact under the FHA and the Equal Protection Clause. The Residents moved for class certification on their remaining claims, namely: (1) HANO and HUD's failure to affirmatively advance fair housing in violation of § 3608 of the FHA; (2) HANO's breach of contract and constructive eviction of the Residents; and (3) HANO and HUD's violation of the Residents' rights to due process. The district court rejected the Residents' proposed class, finding too many conflicts of interest among class members. Instead, it certified a narrower class consisting of:

> [A]ll African-American citizens of the United States who resided in public housing developments in New Orleans, Louisiana, as of August 29, 2005, pursuant to a lease with the defendant Housing Authority of New Orleans who are involuntarily displaced as a result of this Hurricane Katrina who received vouchers or other forms of rental assistance from HUD or HANO and/or HANO's pursuant to HUD's regulations and which rental assistance did not provide for utility assistance leading to a disparity on how they were treated before Katrina as well as post-Katrina.

The district court also confirmed the dismissal of "all claims except those claims dealing with the administration and issuance of vouchers to displaced public housing tenants."

We granted HANO's petition for interlocutory review of the class certification order, pursuant to FED. R. CIV. P. 23(f).[2] For the following reasons, we vacate and remand the district court's class certification order.

II

---

[2] Only HANO petitioned this court for interlocutory review of the class certification decision. HUD did not petition separately. We granted HANO's petition, and HUD was designated co-appellee. Subsequently, we granted HUD's unopposed motion to be aligned with the appellants for purposes of briefing this interlocutory appeal, as both HANO and HUD argue that the class was improperly certified.

We review a district court's class certification decision for abuse of discretion. Regents of the Univ. of Cal. v. Credit Suisse First Boston (USA) Inc., 482 F.3d 372, 380 (5th Cir. 2007). However, whether the district court applied the correct legal standard in reaching its class certification decision is a legal question that we review de novo. Id.

## III

All classes must satisfy the four baseline requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. In re Monumental Life Ins. Co., 365 F.3d 408, 414-15 (5th Cir. 2004). In addition, under the Federal Rules of Civil Procedure's requirement of notice pleading, defendants in all lawsuits must be given notice of the specific claims against them. See FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief"). Although this notice does not require pleading specific facts, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading. See Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 165-66 (5th Cir. 1999).

HANO and HUD argue that the district court abused its discretion by certifying a class based on claims that the Residents never pled, because the Residents' complaint lacks any allegations regarding the administration of the voucher program. We agree.

Under Rule 8(a), a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. Id. In other words, a complaint must put the defendant on

notice as to what conduct is being called for defense in a court of law. Here, the complaint does not mention the voucher program or reference the defendants' conduct in administering the voucher program. Rather, the claims pleaded in the complaint are based on a totally different course of conduct—HANO and HUD's actions leading up to demolition, the ultimate decision to demolish the buildings, and the demolition itself. These claims are not sufficient to put HANO and HUD on notice that they must defend the voucher program. Essentially, by defining the class based on treatment under the voucher program and limiting the class claims to those regarding the voucher program, the district court changed the nature of the lawsuit and rendered the complaint inadequate.

Therefore, we hold that the district court abused its discretion by certifying a class based on claims not pleaded in the complaint. The district court's authority to certify a class under Rule 23 does not permit it to structure a class around claims not pled. Although this problem may be remedied on remand by allowing the Residents to amend their complaint, we leave it to the district court to determine the propriety of doing so.[3]

IV

For the foregoing reasons, we VACATE the district court's class certification order and REMAND for further proceedings.

---

[3] We note that despite a year having passed since the class was certified and this appeal docketed, the Residents have not moved to amend their complaint.